UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Civil Action Case No.: 7:25-cv-00375

KORE ESSENTIALS, INC.,

    Plaintiff,

vs.

VET-LIFE, INC., d.b.a. SAVAGE TACTICIANS; and DOES 1-10, inclusive

    Defendant.

**COMPLAINT FOR PATENT INFRINGEMENT**

**DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff KORE ESSENTIALS, LLC ("Kore" or "Plaintiff"), by and through its attorneys, makes and files this Complaint against Defendant VET-LIFE, INC, d.b.a. SAVAGE TACTICIANS ("Savage" or "Defendant"), stating and alleging as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271, et seq., specifically, Defendant's infringement of United States Patent No. 9,918,522 ("the '522 Patent"), titled Ratchet Belt System and Related Accessories, which is owned by Plaintiff.

## THE PARTIES

2. Plaintiff Kore Essentials, Inc. is a California corporation with a principal place of business at 9520 Pathway St., Santee, California 92071.

3. Upon information and belief, Defendant Vet-Life, Inc., d.b.a. Savage Tacticians is a North Carolina corporation with its principal place of business at 2951 Orville Wright Way, Suite 100, Wilmington, North Carolina 28405.

4. Plaintiff is ignorant of the true names and capacities of the parties sued herein as DOES 1 through 10, inclusive, whether individual, corporate or otherwise, and therefore sues these defendants by such fictitious names. If applicable, Plaintiff will seek leave to amend the complaint

to assert their true names and capacities when they have been ascertained. Plaintiff is informed and believes and based thereon alleges that all defendants sued herein as DOES 1 through 10 are in some manner responsible for the acts and omissions alleged herein.

## JURISDICTION AND VENUE

5. This Court has original and exclusive subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff's claim of patent infringement arises under the laws of the United States, including 35 U.S.C. § 271.

6. This Court has personal jurisdiction over Defendant because Defendant's principal place of business is in this District, has a continuous, systematic and substantial presence in this District, because it regularly conducts business and/or solicits business within this District, because it has committed and continues to commit patent infringement in this District, including without limitation by selling, offering for sale, and/or using infringing products in this District and by purposefully directing activities at residents of this District, by Defendants placing infringing products into the stream of commerce with the knowledge that such products would be sold and used in North Carolina and this District, all of which acts form a substantial part of the events giving rise to Plaintiff's claims.

7. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400 because Defendant does business, has infringed, and continues to infringe the '522 Patent within this District, and this action arises from transactions of that business and that infringement.

## FACTUAL BACKGROUND

8. On March 20, 2018, the '522 Patent was duly and legally issued, and was assigned to Plaintiff. A true and correct copy of the '522 Patent is attached hereto as Exhibit A and incorporated herein by reference.

9. This patent application is a continuation of U.S. patent application Ser. No. 15/066,302, filed on March 10, 2016, issued as U.S. Patent No. 9,615,631 ("the '631 Patent"), which is a continuation-in-part of application No. 15/008,394, filed on January 27, 2016, which is a continuation of application No. 14/218,887, filed on March 18, 2014, which issued as U.S. Patent No. 9,227,776 ("the '776 Patent").

10. The '522 Patent discloses a ratchet belt system, including a belt with a notch strip extending along a portion of the length thereof. The notch strip is formed of a plurality of adjacent notches, each being configured to engage a ratcheting tab of an associated buckle. The belt is

configured with a first belt layer, a second belt layer, and a monolithic insert disposed between the first and second layers.

11. Defendant is and has been making, using, selling, offering for sale, and/or exporting products that infringe the Patents-in-Suit, including without limitation, the STMC Black Camo EDC Ratchet Belt, the Black Nylon EDC Ratchet Belt, and the Gray Nylon Ratchet Belt (the "Accused Products"). The Accused Products may be purchased online at www.sav-tac.com (links included above) and at various websites such as www.gunfightertrading.co. Plaintiff reserves the right to amend or add products to the list of Accused Products.

## FIRST CLAIM FOR RELIEF
### (Infringement of the '522 Patent)

12. Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs of this Complaint as though fully set forth herein.

13. Kore's website at www.koreessentials.com notes that its products are patented.

14. Defendant, by and through its agents, officers, directors, resellers, retailers, employees and servants, has been and is currently willfully and intentionally infringing the '522 Patent by making, using, offering to sell, selling, and importing into the United States the Accused Products, which embody one or more claims set forth in the '522 Patent.

15. For example, the Accused Products meet all the limitations set forth in claim 1 of the '522 Patent as indicated in the attached claim chart, Exhibit B, incorporated herein. This infringement claim chart is based on Kore's current understanding of the Accused Products, which only considers publicly available information. The chart does not set forth all of Kore's infringement theories – the Accused Products embody other claims set forth in the '522 Patent.

16. Kore reserves the right to amend or supplement its infringement theories upon more information becoming available through formal discovery and/or this Court completing its claim construction proceedings.

17. Upon information and belief, Defendant has generated significant sales of products incorporating the Plaintiff's patented technology, exposing Defendant to significant liability for its infringement of the '522 Patent.

18. As a result of Defendant's infringement of the '522 Patent, Kore has suffered and will continue to suffer harm and injury, including monetary damages in an amount to be determined at trial, and is entitled to recovery of all said damages.

19. Defendant, and/or those acting in concert with Defendant, has intentionally induced infringement of the '522 Patent, by having its direct and indirect customers sell, offer for sale, use, and/or import into the United States and this Judicial District, and placing into the stream of commerce, the Accused Products.

20. Upon information and belief, unless enjoined, Defendant, and/or others acting on behalf of Defendant, will continue its infringing acts, thereby causing irreparable harm to Kore for which there is no adequate remedy at law.

21. Plaintiff informed Defendant of the Accused Products' infringement of the '522 Patent via counsel prior to filing this Complaint. Nonetheless, Defendant refused to stop its infringement of the '522 Patent.

22. As a result, Plaintiff is informed and believes, and on that basis alleges, that the infringement by Defendant is willful, wanton, and deliberate, without license and with full knowledge of the '522 Patent, thereby making this an exceptional case entitling Plaintiff to attorneys' fees and enhanced damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for entry of judgment in its favor and against Defendant as follows:

(a) Judgment that Defendant has directly infringed, and induced others to infringe, the '522 Patent, either literally and/or under the doctrine of equivalents;

(b) A permanent injunction under 35 U.S.C. § 283 enjoining Defendant, its officers, directors, agents, servants, resellers, retailers, employees and attorneys, and those persons acting in concert or participation with them, from infringing the '522 Patent in violation of 35 U.S.C. § 271;

(c) An award to Plaintiff of its lost profits and/or a reasonable royalty for Defendant's sales of the Accused Products;

(d) An award to Plaintiff for pre-judgment and post-judgment interest;

(e) Judgment awarding Plaintiff all of its costs, including its attorneys' fees, incurred in prosecuting this action, including, without limitation, pursuant to 35 U.S.C. § 285 and other applicable law; and

(f) For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury of all issues so triable.

Respectfully submitted,

Dated: February 21, 2025   By:   /*s*/ Stephen J. Bell
Stephen J. Bell
North Carolin Bar No. 44211
South Carolina Bar No. 101623
MINCEY BELL MILNOR
Affiliated, Cranfill Sumner LLP
5535 Currituck Drive
Suite 210
Wilmington, NC 28403
Telephone: (910) 777-6000
bell@minceybellmilnor.com

*Local Civil Rule 83.1 Counsel for Plaintiff Kore Essentials, Inc.*

Cody R. LeJeune (pro hac vice application forthcoming)
LEJEUNE LAW, PC
402 W. Broadway
Suite 400
San Diego, California 92101
Telephone: (985) 713-4964
cody@lejeunelawfirm.com

*Attorney for Plaintiff Kore Essentials, Inc.*